**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

**CIVIL ACTION NO. 09-356-JBC**

**LARRY BEELER,**                                                    **PLAINTIFF,**

**V.**                      **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,**                           **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the plaintiff's motion for summary judgment (R. 9) and the Commissioner's motion for entry of judgment and to remand under sentence four of 42 U.S.C. § 405(g) (R. 13). The court will grant the Commissioner's motion, deny in part and grant in part the plaintiff's motion, and reverse and remand the Commissioner's decision for further consideration in accordance with this opinion.

**I.**     **Background**

Beeler alleges a disability onset date of January 1, 2006, at which point he was forty-six years old. AR 80, 92. Beeler has past relevant work experience in masonry for a variety of construction companies starting in 1992, and has an eleventh-grade education. AR 93. He applied for a period of disability and Disability Insurance Benefits on August 31, 2007. AR 31, 80. Beeler claims disability stemming from old compression fractures in the thoracic spine and mood

1

disorder due to his general medical condition. His claim was initially denied on December 20, 2007 (AR 59-62), and again upon reconsideration on March 19, 2008 (AR 65-67). Administrative Law Judge ("ALJ") Frank Letchworth held a hearing on January 28, 2009 (AR 1-19), and subsequently determined that Beeler had not been under a disability as defined in the Social Security Act from his alleged onset date through the date of the decision. AR 38.

In determining disability, the ALJ used a five-step analysis. First, the ALJ determined that Beeler had not engaged in substantial gainful activity since the alleged onset date of his disability. AR 33. At the second step, the ALJ found that Beeler's old compression fractures in his thoracic spine and his mood disorder qualified as "severe" impairments. AR 33. At step three, the ALJ found that Beeler's impairments, singly or in combination, did not meet or medically equal a listing in the Listing of Impairments. AR 34. The ALJ also determined that Beeler had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), and identified several exertional limitations. AR 36. At step four, the ALJ determined that Beeler was unable to perform his past relevant work of masonry. AR 37. Finally, at step five, the ALJ determined that jobs existed in significant numbers in the national economy that Beeler could perform. AR 37.

Based on the five-step analysis, the ALJ denied Beeler's claims. AR 38. The Appeals Council denied Beeler's request for review of the ALJ's decision on September 28, 2009. AR 20-23.

2

II. **Analysis**

A. **Evidence from Dr. Charles Moore**

The ALJ erred in failing to consider all of the medical evidence submitted. Specifically, as the Commissioner concedes, certain medical records from Dr. Charles Moore were not incorporated into the record. Pursuant to 42 U.S.C. § 405(g), judicial review of a decision by the Social Security Administration is limited to determining whether there is substantial evidence in the record *as a whole* to support the decision. *See Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980) (emphasis added). Because the ALJ's decision was not based on the whole record, remand is appropriate.

Under sentence four of 42 U.S.C. § 405(g), the court is permitted "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). A remand of this nature may be made if the court finds either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to a disability claim. *Culbertson v. Barnhart,* 214 F. Supp 2d 788, 795 (N.D. Ohio 2002). The court will therefore remand the case so that the Commissioner may: 1) update the medical evidence; 2) incorporate the physical medical source opinion from Dr. Charles Moore and provide adequate reasons for the weight given to each opinion; and 3) hold a hearing and, if necessary, present a

hypothetical question to a vocational expert that reflects all limitations supported by the record, and determine whether there are jobs that Beeler can perform that meet these limitations.

### B. Mental limitations

In order to clarify the scope of the remand, the court will also address Beeler's allegations related to his mental limitations. First, Beeler alleges that the ALJ erred in rejecting Dr. Moore's opinion regarding Beeler's mental limitations. R. 10 at 9. Specifically, he contends that "the opinion of a treating source is entitled to great weight, and may even be entitled to controlling weight if it is supported by sufficient objective evidence." *Id*. Here, however, Beeler does not allege that Dr. Moore's opinion was in fact supported by sufficient objective evidence. Indeed, the ALJ stated that Dr. Moore's opinion regarding Beeler's mental limitations was "not clinically supported," and thus he afforded it "little weight." *Id.* Although the opinion of a treating physician is accorded great weight if supported by sufficient clinical findings, a treating physician's opinion may be rejected if it is unsupportable or contrary to objective medical evidence. *See Robinson v. Barnhart*, No. 03-5263, 2005 U.S. App. LEXIS 3663, at *21 (6th Cir. Mar. 3, 2005). In addition, more weight is generally given to a specialist whose opinion is within his or her specialty, as opposed to the opinion of a physician who is not a specialist. 20 C.F.R. § 404.1527(d)(5). Beeler does not dispute the ALJ's statement that Dr. Moore's opinion was not clinically supported or that it was not within his specialty area.

Thus, Beeler has not shown that the ALJ erred in weighing Dr. Moore's opinion regarding Beeler's mental limitations.

Beeler also alleges that the ALJ inappropriately determined the effect that Beeler's mental impairments would have on Beeler's ability to work. First, he notes that although the ALJ gave little weight to Dr. Moore's opinion regarding Beeler's mental limitations and rejected the opinion of the state agency physician, the ALJ was still able to determine that Beeler suffers from a severe impairment, namely mood disorder due to general medical condition. AR 33; R. 10 at 9. The ALJ noted, however, that Dr. Moore referred Beeler to the Cumberland River Intensive Care Center, that Beeler began counseling there in 2008, and that Beeler had been diagnosed with mood disorder due to general medical condition. AR 34 (citing Exhibit 22F). Thus, it does not appear that the ALJ "played doctor" as Beeler asserts; rather, the ALJ relied on Cumberland River's diagnosis of mood disorder, and based on that diagnosis, he determined that this constituted a severe impairment pursuant to 20 C.F.R. § 404.1520(a)(4)(ii) ("At the second step, we consider the medical severity of your impairment(s).").

Beeler also objects to the fact that the mental residual functional capacity used to deny his claim was formulated by the ALJ, not a physician. Specifically, he notes that "[w]hen a state agency makes the disability determination, a State agency or medical psychological consultant(s) . . . is responsible for assessing [ ] residual functional capacity." 20 C.F.R. § 416.946(a). That same regulation

5

provides, however, that when a case is at the ALJ level, the ALJ is responsible for assessing RFC. 20 C.F.R. § 416.946(c). Moreover, it is the ALJ's responsibility to identify pertinent evidence and to make findings as to the individual's ability to perform work-related activities. *See Coldiron v. Comm'r of Soc. Sec.*, 2010 LEXIS App. 16849, No. 09-4071, at *8-9 (6th Cir. Aug. 12, 2010). Thus, Beeler has not shown that the ALJ erred in formulating the RFC related to his mental limitations.

### III. Conclusion

Accordingly, **IT IS ORDERED** that the Commissioner's motion for entry of judgment and to remand, R. 13, is **GRANTED**.

**IT IS FURTHER ORDERED** that Beeler's motion, R. 9, is **GRANTED IN PART**, to the extent that it seeks a remand for further proceedings.

**IT IS FURTHER ORDERED** that Beeler's motion, R. 9, is **DENIED IN PART** to the extent that he seeks an award of benefits.

Signed on February 4, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY